THE STATE OF DELAWARE, Upon the Relation of Hugh R. Sharp, Jr., J. Draper Brown, Jr., Benjamin F. Shaw, II, J. Gordon Smith, William P. Richardson, Frank R. Grier and Dallas D. Culver, constituting the State Highway Department of the State of Delaware, Appellant, Plaintiff Below, v. 0.62033 ACRES OF LAND IN CHRISTIANA HUNDRED, NEW CASTLE COUNTY AND STATE OF DELAWARE, HARVEY C. FENIMORE, ANNIE F. FENIMORE, his wife, JOHN ROBINSON FENIMORE, HELEN L. FENIMORE, his wife, THOMAS C. HAWKE, HILDA M. HAWKE, his wife, and UNKNOWN OWNERS, Appellee, Defendant Below.

(*March* 31, 1955.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Donald W. Booker* for Appellant.

*James R. Morford* and *George L. Sands* (of the firm of Morford and Bennethum) for Appellee.

Supreme Court of the State of Delaware, No. 33, 1954.

BRAMHALL, J.:

The pertinent facts are as follows: Defendants are the owners of a triangular tract of land in Christiana Hundred, New Castle County, Delaware, bounded by three highways: on the east by Centre Road, or Route 141; on the south by Centerville Road; and on the north by the Robert Kirkwood Highway, also known as the Capital Trail or U. S. Route 2. The State Highway Department (hereafter "Department"), has begun the improvement of both Centre Road and Centerville Road at a point adjoining the triangular piece of land belonging to defendants. The Department has designated a right-of-way on Centerville Road 100 feet wide, or 50 feet on each side of the present center line of the existing road. Since 20 feet of this 50 feet is already being used, the additional amount of land to be acquired under these proceedings would be approximately 30 feet. The improved road will consist of two paved lanes,—each of the width of 12 feet,— the center of the 24 foot pavement being also the center of the present highway. The title of defendants, as is the case of most

properties situate on this road, is to the middle of the existing road. The present right-of-way for Centerville Road is 40 feet, of which 18 feet is presently paved.

In the court below defendants denied the Department's right to take the land in question, on the grounds that the entire condemnation procedure as provided in 10 *Del. C.* 1953, Chapter 61, was unconstitutional, and, that the taking of defendants' land was excessive and not within the authority of the Department as provided in 17 *Del. C.* 1953, Chapter 1. The court below, 110 *A.* 2d 1, in its opinion held that 10 *Del. C.* 1953, Chapter 61, was constitutional, and that the condemnation of the strip of land along the Centre Road was proper. It determined, however, that the attempt by the Department to take the strip of land on Centerville Road and the land at the apex of the triangle on Centerville Road and Centre Road constituted an excessive taking under the powers given to the Department by 17 *Del. C.* 1953, Chapter 1. The Department elected not to amend its petition to conform to the court's decision, and the court therefore ordered that the complaint be dismissed.

An appeal was taken by the Department from the order of the court below. No appeal was taken by defendants from the order of the court below holding that the condemnation procedure as set forth in 10 *Del. C.* 1953, Chapter 61, was constitutional. We do not therefore reach the latter question in this appeal.

Two questions are presented: (1) Is the question as to the necessity for taking land and the quantity thereof by condemnation a judicial or legislative question? (2) Did the court below err in deciding that there was no necessity for taking a part of the land in question and that the taking of this land in contemplation of a future need was improper?

1. *Is the question as to the necessity for taking land and the quantity thereof by condemnation a judicial or a legislative question?*

The Department seeks to obtain a right-of-way for highway purposes through the exercise of the power of eminent domain. Its right to proceed is predicated upon the authority conferred by 17 *Del. C.* 1953, § 132(c) (4), the pertinent part of which is as follows:

"To these ends, the Department may—

     *       *       *       *       *       *

"(4) Acquire by condemnation or otherwise any land, easement, franchise, material or property, which, in the judgment of the Department, shall be necessary therefor, provided, that the Department shall not reconstruct a highway unless there will result a net saving or reconstruction".

The Department contends that the authority delegated to it by the Legislature is purely a legislative function and that the question of the necessity for the taking and the quantity of land involved is a matter entirely legislative in character and is not one concerning which the courts will take judicial action.

Defendants assert that the amount of land taken by the Department is grossly excessive and is predicated upon the construction of a four-lane highway, as to which there is at present no plan of construction nor one contemplated in the foreseeable future.

The exercise of the power of eminent domain for any particular public use is solely within the province of the Legislature. This power may be, and usually is, delegated to a public agency. Generally, the question of the necessity of performing any public improvement is also a purely legislative question. See 2 *Lewis' Eminent Domain* (3rd Ed.), Secs. 596, 597, p. 1056. In this state power over roads and streets has long been exercised by our Legislature. See *State ex rel. Morford v. Emerson*, 1 *Terry* 328, 10 *A.* 2d 515, *affirmed* 1 *Terry* 496, 14 *A.* 2d 378. In the absence of fraud, bad faith or abuse of discretion, the determination of the Legislature or of the state agency to whom the power has been delegated will not be disturbed. *Clendaniel v. Conrad,* 3 *Boyce* 549, 83 *A.* 1036; *State ex rel. Morford v. Emerson, supra.*

The objections raised by defendants charge the Department with an abuse of discretion as to the amount of land taken. Defendants also assert that even if all of the property taken is necessary for a public use, there has been no showing that it will be so used at any time in the foreseeable future.

These objections involve a consideration of facts relating not only to the interest of the public, but also as well to that of private citizens whose property has been injured. The interest of both must be considered and their rights protected. This cannot be done by recourse to the Legislature. The objections made by defendants are judicial in nature and require the determination of a court in order that the rights of both parties may be adjudicated. *City of Richmond v. Carneal,* 129 *Va.* 388, 106 *S. E.* 403, 14 *A. L. R.* 1341; *Wilton v. St. Johns County,* 98 *Fla.* 26, 123 *So.* 527, 65 *A. L. R.* 488; *Havner v. Iowa State Highway Commission,* 1941, 230 *Iowa* 1069, 300 *N. W.* 287; *Erwin v. Mississippi State Highway Commission,* 213 *Miss.* 885, 58 *So.* 2d 52. See 2 *Lewis' Eminent Domain,* (3rd Ed.), Sec. 603, p. 1067.

We conclude that the defendants were entitled to present their objections before the Superior Court and that that court had the authority to make a determination thereof.

2. *Did the court below err in deciding that there was no necessity for taking a part of the land in question and that the taking of this land in contemplation of a future need was improper?*

Defendants contend that the attempted exercise of the right of eminent domain is unlawful, first, because there is a taking of an excessive amount of defendants' land, and, secondly, because no public use of a larger part of the property sought to be condemned is contemplated within a reasonable time.

The Department denies that there has been an excessive taking. It admits that it has no present plans for a four-lane highway, but it anticipates that at some time in the future such a highway may be needed. The Department also avers that it is

not limited in condemnation proceedings to the taking only of land for which there is a present use, but asserts that it has the right to anticipate the future need for roads even though there may be at the time of taking no present plans for their construction.

The court below found from the evidence submitted that there was no present need for most of the land taken along Centerville Road, including the land at the apex of the triangle at the intersection of Centerville Road and Centre Road. The court also found from the evidence produced that the need for a 100 foot right-of-way was predicated entirely upon the alleged necessity for a four-lane highway; that the need for such a highway at that time or in the foreseeable future had not been established; and that the Department had no definite plans relating to the construction of a four-lane highway at any time in the foreseeable future.

■ There was ample evidence to substantiate the finding of the court below. The Chief Engineer and other employees of the Department admitted that the Department had taken no official action whatsoever for the construction of a four-lane highway. They further conceded that there was no reasonable certainty that such plans would be prepared in the foreseeable future. Indeed, the Chief Engineer of the Department acknowledged that the four-lane highway was not presently needed and that the taking of a 100 foot right-of-way at this time was largely in order to save money for the state—the latter a very commendable purpose, but not one which should be carried to the point of taking property from a private owner when that taking is not ncessary for a public use.

The Department contends that it has a reasonable time within which to construct a four-lane highway and that therefore any objections which defendants may have to the taking of the land in question must be deferred until the Department has had a reasonable time to construct a highway. Just what would be a reasonable time under such circumstances or just what action defendants might take is not elaborated upon by the Department.

The Department is relying upon *Clendaniel v. Conrad, supra*. In that case it is suggested that if the purpose of the condemnation proceedings were not fulfilled after a reasonable time one of the remedies which the landowner might have would be a right of action at some later date. But in that same case the right of the landowner to ask for an injunction preventing the taking of property is also fully recognized.

There is statutory justification for sustaining the action of the court below. On June 5, 1951, there was approved an Act of the Legislature, now designated as Title 10, *Del. C.* 1953, Chapter 61, establishing a uniform procedure for the condemnation of property under the power of eminent domain. In Section 6107 thereof it is provided as follows:

"Any objection or defense to the taking of the property, or any interest therein, by any defendant, shall be made by answer. Any such answer setting forth any such objection or defense shall identify the property in which the answering defendant claims to have an interest, shall state the nature and extent of the interest claimed, and shall state specifically any such objections or defenses to the taking of the property. All objections and defenses not so presented shall be deemed waived. After the disposition of all such objections and defenses the cause shall proceed to the trial of the issue of just compensation."

It will be observed from a perusal of this section that it is only after the disposition of the objections and defenses raised in the answer that the cause "shall proceed to the trial of the issue of just compensation." It is therefore clear that under the provisions of this statute the procedure in this state now is that any objection to the right of condemnation must be disposed of *in limine*.

Even in the absence of statute, it would be necessary in this case for the preservation of defendants' rights that the objections of defendants be determined prior to the determination of damages. Defendants' rights in this case cannot be properly adjudicated at some remote time in the future; they should be

determined before the defendants have lost their land. It is the general procedure under such circumstances, when the right of condemnation is questioned or objected to, that these objections be disposed of prior to the determination of damages. Such procedure is set forth in 2 *Lewis' Eminent Domain*, (3rd Ed.), Sec. 602, p. 1066, in which the author, speaking of an objection of this sort, says:

"* * * 'when the application is to a court and the statute is silent as to how the question shall be made or determined, it is a preliminary question to be decided by the court before entering upon the assessment of damages."

We are of the opinion that there is no merit to this contention.

It is suggested by the Department that there is a need for a 100 foot right-of-way even for a two-lane highway and that the decision of the Department to take that amount must be upheld. The Department has cited a number of decisions to support its assertion.

The difficulty which we have with this contention is that the court below found as a fact that there was no necessity for a 100 foot right-of-way unless and until a four-lane highway should be constructed. As we previously stated, there was ample evidence to sustain such a finding by the court. This finding is dispositive of the matter. The authorities cited are therefore inapplicable.

The *Clendaniel* case, relied upon by the Department, is not helpful. In that case, the Legislature expressly permitted the Boulevard Corporation to condemn 200 feet of land for Boulevard purposes, of which a road was to be only a small part. The court said that it would assume that the Legislature intended the land taken to be developed within a reasonable time after the taking. Here, the amount of the taking, as authorized by the statute, was limited to what is necessary for road purposes. Based

upon the evidence presented, the court below very properly held that no present need for a 100 foot right-of-way had been shown.

For the reasons set forth herein, the order of·the Superior Court dismissing the complaint of the Department will be affirmed.