0.24148, 0.23831 and 0.12277 ACRES OF LAND IN CHRISTINA HUNDRED, NEW CASTLE COUNTY AND STATE OF DELAWARE, HARVEY C. FENIMORE and ANNIE F. FENIMORE, his wife, Defendants Below, Appellants, v. THE STATE OF DELAWARE, *ex rel.* J. Gordon Smith, *et al.,* Plaintiff Below, Appellee.

(*September* 30, 1958.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*James R. Morford* for appellants.

*Donald W. Booker* for appellee.

Supreme Court of the State of Delaware, No. 13, 1958.

WOLCOTT, J.:

This is an appeal from a judgment of the Superior Court granting immediate possession of land sought to be condemned to the State Highway Department, and ordering a hearing to fix just compensation. The landowners appeal.

The action was commenced by the filing of a complaint as required by 10 *Del. C.* § 6102. By 10 *Del. C.* § 6107 the owner of the property is required by way of answer to raise any defense or objection to the taking which shall be disposed of by the court prior to a trial of the issue of just compensation.

Accordingly, the owners filed their answer interposing the defenses of lack of public necessity for the taking and the failure of the Department to comply with the statutory requirements for the exercise by it of its power of eminent domain. In addition, the answer asserted the defense of *res adjudicata*, based upon a judgment of the Superior Court in Civil Action No. 842, 1954, affirmed by this Court, involving the same lands in question and refusing condemnation because of lack of public necessity for the taking.

The land to be taken, described as three separate parcels by the Department, would permit the widening of Centerville Road in New Castle County where it passes along the owners'

property, and also the making of a turn area from Center Road into Centerville Road. Herewith follows a rough diagram of the roads in question, and the three parcels sought to be taken.

With respect to Parcel 1, the owners concede the right of the State to acquire title to it since it in fact comprises part of the bed of Center Road over which there now exists a public

easement. It follows, therefore, that with respect to Parcel 1 the judgment of the Superior Court granting condemnation will be affirmed.

The real issue raised by the owners is the right of the State to acquire Parcels 2 and 3. For purposes of clarity some elaboration of the facts and circumstances leading to the filing of the complaint in this cause is required.

In 1954 the State Highway Department caused to be filed Civil Action No. 842 for the condemnation of land identical with Parcels 2 and 3 to all intents and purposes. The Superior Court in that action held (*State ex rel. Sharp v. 0.62033 Acres of Land in Christiana Hundred, New Castle County*, 10 *Terry* 90, 110 *A.* 2d 1) there was no showing of public necessity for the taking and this court affirmed (10 *Terry* 174, 112 *A.* 2d 857).

Almost immediately after the mandate of this Court was filed affirming the judgment of the Superior Court, a meeting of members of the professional staff of the Highway Department and the Department's attorney in New Castle County was held, at which the decision was made to commence a new action for condemnation by the filing of a revised complaint redescribing the land as three separate parcels, it having theretofore, in Civil Action 842, been described as one parcel.

The decision to institute a new action was not submitted to the Highway Commissioners for approval or authorization. As far as this record shows, the decision to start again was made solely by the Chief Engineer and his assistants.

At the time this decision was made, the facts and circumstances were identical with those which had led to the decision of the Department to condemn Parcels 2 and 3 in the prior action. No additional facts and circumstances had arisen at that time to warrant the conclusion that changed conditions created public necessity for the taking. The only altered circumstance exhibited by the complaint was the change in description of the land from one to three parcels.

At the hearing on the defenses it was proved by the Department that following the filing of the complaint and prior to the date of hearing, a large super market had been erected in the southwesterly corner of the intersection of Centerville Road and Kirkwood Highway. The trial judge found as a fact that the patrons of this super market created a traffic hazard in making lefthand turns off Kirkwood Highway into the super market. At the hearing the Department urged that the traffic hazard thus created could be alleviated by the taking of Parcels 2 and 3 and the construction of an additional lane for traffic on Centerville Road and a turn area crossing Parcel 3, and the rerouting of this traffic over Center Road into Centerville Road.

On this showing and after ruling that public necessity should be determined as of the time of taking rather than as of the time of filing of the complaint, the trial judge entered an order for immediate possession and directed a hearing to fix just compensation.

The landowners appealing to this court now raise two basic questions. The first is that the statutory requirement for the exercise by the State Highway Department of the power of eminent domain has not been complied with since the Department, as such, has never approved the proposed project nor the decision to condemn Parcels 2 and 3. The second is that public necessity for the taking of land is to be determined as of the time of filing the complaint, and since the facts and circumstances as of that time were unchanged, the judgment of the Superior Court in Civil Action No. 842, 1954 effectively bars the maintenance of the present action.

We take up initially the first question.

To establish approval of the project, the Department points to its approval at least prior to the filing of Civil Action No. 842, 1954 of so-called Contract 1300 for the improvement of Centerville Road from a point to the south to its intersection with Center Road. As we pointed out in our prior decision (10 *Terry* 174, 112 *A.* 2d 857), Contract 1300 did not provide for

the widening of Centerville Road by construction on Parcels 2 and 3, and since the need for the additional width of right-of-way could be justified only by a nebulous idea of possible future construction of a four-lane highway, there existed no present public necessity for the taking since the land was not needed for then planned for road construction.

In any event, on November 4, 1955, Contract 1300 was completed, approved and accepted by the Highway Department. Assuming, therefore, that Contract 1300 contemplated originally the taking of Parcels 2 and 3, that approval must now have terminated as the result of the circumstances, viz., the completion of Contract 1300 and the judgment of the Superior Court to the effect that the taking of Parcels 2 and 3 was at that time beyond the authority of the Department.

Subsequently, the Highway Department has never considered the necessity under new conditions of taking Parcels 2 and 3 in order to improve highway facilities of the state. The decision to go ahead and condemn was solely that of the Chief Engineer and his professional associates.

In 0.106 *of an Acre of Land in Brandywine Hundred, New Castle County v. State,* 11 *Terry* 328, 130 *A.* 2d 355, this court held that the exercise of the power of eminent domain delegated to the State Highway Department is governed by the provisions of 17 *Del. C.* § 132(c) (4) and § 138. These sections require approval by the Department of the decision to condemn a particular portion of land or, in the alternative, the approval by the Department of an over-all plan of highway construction, the plans and specifications of which require the acquisition of certain land for highway purposes.

It is obvious from the record before us that the Department has neither approved specifically the acquisition of Parcels 2 and 3 nor approved an over-all road construction project which would require the acquisition of Parcels 2 and 3 for its completion. It does not serve to say that the Chief Engineer supplied this lack by his decision to exercise the Department's

power of eminent domain, for the Chief Engineer is authorized to institute condemnation proceedings for the acquisition of land solely in furtherance of a then-current project approved by the Department.

Counsel for the Department seems to argue that in *0.106 of an Acre of Land in Brandywine Hundred, New Castle County v. State, supra,* we held the Chief Engineer, as the chief policy maker of the Department, without approval of the Department may decide that the acquisition of certain land is required for highway purposes and proceed to institute condemnation proceedings. We are surprised that such a construction is sought to be put upon our decision, for we had thought to lay down the clear rule that it is only after over-all approval by the Department that the Chief Engineer may exercise the power delegated by statute to him to order the commencement of condemnation proceedings. That delegated power is limited to the extent that the plans and specifications of the approved project require the taking. Since counsel, however, appears to think the opinion unclear, a view we do not share, we again take the occasion to hold such to be the rule.

This means that the action of the Chief Engineer and his associates, immediately following the mandate of this Court in directing the filing of a new action to condemn the land, even though the circumstances were unchanged, must be regarded as an obvious attempt to avoid the result of the judgment of the Superior Court. Such a transparent attempt to avoid the effect of an adverse judicial decision will not and should not be permitted. The power of eminent domain is a stringent interference by the State with the private right to own property and, as such, is not to be exercised thoughtlessly or arbitrarily. Its exercise is certainly not justified by a spirit of circumvention of a judicial decision entered for the protection of private property.

We hold, therefore, that the complaint for the condemnation of Parcels 2 and 3 should have been dismissed and

we will reverse that part of the judgment of the Superior Court permitting the taking.

This holding makes it unnecessary for us to consider the second question raised by the owners to the effect that the necessity for the taking must exist as of the time of filing the complaint. We observe, however, that the circumstance of the construction of the super market and the traffic congestion resulting therefrom, as far as this record shows, have never been called to the attention of the Department. Thus, it has never had an opportunity to either approve or disapprove the proposed construction for the alleviation of the condition. The proposed exercise of the Department's power of eminent domain based upon these new circumstances has the same fatal defect, therefore, of lack of approval by the Department.

The judgment of the Superior Court is affirmed as to that part authorizing the acquisition by the State Highway Department of Parcel 1, and reversed as to that part authorizing the acquisition by the State Highway Department of Parcels 2 and 3.