1.67 ACRES OF, LAND, MORE OR LESS, Situate IN the TOWN OF MILTON, SUSSEX COUNTY, Delaware, and 5 acres of land, more or less, situate in the Town of Milton, Sussex County, Delaware, and Foster H. Pepper and Edith E. Pepper, his wife, owners, Hettie E. Wagaman, owner, and Carole Pepper, owner, Defendants below, Appellants,

v.

The STATE of Delaware upon the relation of Robert L. D. ALLEN, Dr. Hiram N. Lasher, Leland Brown, Irving Obrow, Dr. Woodrow, Wilson, Edwin Golin, constituting the State Board of Education, Plaintiff below, Appellee.

Supreme Court of Delaware.

Jan. 5, 1967.

Paul R. Reed, Georgetown, for appellants.

Jackson R. Dunlap, Jr., of Tease, Faulkner & Dunlap, Georgetown, for appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, Justices, sitting.

CAREY, Justice.

This appeal questions an order of the Superior Court in a condemnation case granting possession of certain lands to appellee prior to a hearing on damages, and a judgment approving the award of compensation made by commissioners after trial. Appellants contend that they were prevented from showing the lack of appellee's need for the land, and that error was made at the trial in certain evidentiary rulings.

Appellee, the State Board of Education, sought to acquire for school purposes a tract of land owned by appellants containing a total of 6.67 acres in the town of Milton, adjoining other lands presently used by the Milton School District. The complaint described the land as consisting of two unimproved tracts containing 1.67 acres and 5 acres, respectively. The Board asked for immediate possession of the property in accordance with T. 10 Del.C. § 6110, and appellants objected thereto, denying any necessity for the taking. After a hearing on that issue, the Court on February 23, 1966 awarded possession to appellee. In May, trial was held to determine the compensation to be paid. The award was in the amount of $11,500.

I

On the question of the Board's need for the property, there was no evidence whatever to justify a finding of fraud, bad faith or abuse of discretion on the part of the Board. In the absence of such a showing, the Court will not disturb the Board's decision. State ex rel. Sharp v. Fenimore, 10 Terry 174, 112 A.2d 857.

Appellants' brief contains a hint that the Board did not make a sincere effort to reach an agreement with the owners prior to filing its complaint; the only evidence was that of one appellant who stated that the Board had made an offer. This testimony was inadequate to justify a dismissal on that ground.

The main argument advanced on this issue is that appellants were prevented from showing a lack of necessity by the Court's refusal to allow them to examine the Superintendent of the State Board concerning its policies relative to the minimum size of school districts. It is true that at one point the Court sustained an objection to a question concerning this matter; later in the hearing, however, substantially the same question was asked and a complete answer given. Appellants were therefore not harmed by the first ruling, even if we assume it was incorrect.

■ We take this occasion to utter a word of caution concerning the filing of appeals in eminent domain cases. As this Court pointed out in the Fenimore case, supra, an objection to the taking must be disposed of *in limine*, that is, before the hearing on damages. The statute (10 Del. C. § 6107) so requires, and there is sound reason for the rule. If the owner prevails, further proceedings are unnecessary; if the condemnor prevails and is given the right to possession prior to the award, it may at once make changes in the property which would render impossible its surrender in its original condition. Certainly, it would seem that the right to take ought to be *finally* resolved before the condemnor does take possession. Delay of an appeal of the right to take until after determination of compensation could easily work great injustice to the condemnor. There is no constitutional bar to an immediate appeal of an award of possession, even if it be considered an interlocutory order. Art. 4 Del.Const. § 11, Del.C.Ann. We suggest, for the benefit of litigants in future cases, that an appeal from such order ought to be filed promptly after its entry, in order that the right to take may be finally settled before the hearing on damages. Failure to do so may constitute an abandonment of the defense on subsequent appeal.

## II

Appellants allege that two errors were made at the trial held to determine compensation. Two of the appellants own and live in a home on a lot facing Federal Street and extending back to a proposed thirty-foot street; the condemned land is located across this proposed street directly opposite their home. Apparently, their original acquisition included, as a single tract, both their home property and a portion of the condemned land. Later, they joined with the other appellants in preparing a subdivision of the entire 6.67 acres. The subdivision plot set aside a thirty-foot strip for the street mentioned above. They offer testimony to show that their home would be made less valuable by the proposed use of a portion of the condemned land as a playground, but the Court sustained an objection to that testimony. They charge error in this ruling.

■ All the witnesses agreed that the best and highest use of the 6.67 acre tract was for residential development purposes. Although it was owned in severalty, it was subdivided and plotted as a single unit. The expert witnesses predicated their opinions of value upon the foregoing basis, treating that land entirely independently of the properties across the proposed street. In other words, the case was presented to the Court by all parties, *not* as a partial taking, but as a complete one; under that theory, the only issue was the fair market value of the lands taken; the effect of the taking upon other property was not before the Court. In the event of a partial taking, the compensation is the difference in value of the whole before the taking and the value of the remainder after the taking. 0.089 of an Acre, etc. v. State, 1 Storey 315, 145 A.2d 76. If this case had been presented as a partial taking, other considerations would have come into play, which may or may not have rendered admissible the rejected evidence. However, although the Trial Judge carefully explained this distinction to counsel at the trial, appellants made no further attempt to pursue the matter; they are bound by their own election to follow the total-taking theory.

■ At the trial, the appellee's expert stated his opinion in terms of the amount which should be paid each owner. Appellants allege error, contending that the total of those amounts is not necessarily the fair market value of the whole. We decline to consider this objection because it was never raised or decided in the Court below. Robinson v. Meding, 2 Storey 578, 163 A.2d 272, 82 A.L.R.2d 1176. The matter is not one which may be raised initially in this Court. See Rickards v. State, 6 Terry 573, 77 A.2d 199.

The judgment below must be affirmed.