**The STATE of Delaware, ex rel. SECRETARY OF the DEPARTMENT OF TRANSPORTATION, Plaintiff,**

**v.**

**MATHEWS REALTY COMPANY; Delaware Tire Center, Inc., both Delaware corporations; Boulden Oil & Propane Gas; 1,397.04 Square Feet of Land, more or less as a Temporary Construction Easement; situate in the City of Newark, New Castle County, State of Delaware, and Unknown Owners, Defendants.**

Superior Court of Delaware, New Castle County.

Submitted: March 19, 1986.
Decided: March 20, 1986.

Aubrey B. Lank, of Theisen, Lank, Mulford and Goldberg, Wilmington, for plaintiff.

William D. Bailey, Jr., of Bayard, Handelman and Murdoch, Wilmington, for defendants Delaware Tire Center, Inc. and Boulden Oil & Propane Gas.

Jerome O. Herlihy, of Herlihy & Wier, Wilmington, for defendant Mathews Realty Co.

BABIARZ, Judge.

This is the decision of the Court on plaintiff's application for an order of immediate possession pursuant to 10 *Del.C.* 6110(a)[1] in the above-named condemnation action. At stake is a five-foot strip of land having an area of 1397.04 square feet which borders the front of defendants' premises along the westerly side of Delaware Route 896. The land is sought by the State for safety-related improvements to Route 896.

In support of its application, the State filed an affidavit of necessity as required

---

**1.** 10 *Del.C.* § 6110(a) provides:

(a) At any time after the filing of any condemnation proceeding under this chapter, the plaintiff, upon the filing of a notice of intention to take possession of the property sought to be condemned, or any part thereof, on a day therein specified, and upon deposit in Court of the sum of money estimated by plaintiff to be just compensation for the property or the part thereof taken, has the right to enter into possession, occupy or take the property from and after such day, upon entry of an appropriate order by the Court, which order may be made ex parte and without notice.

by Superior Court Civil Rule 71.1.[2] Defendants have not disputed this affidavit. Rather they contend that the application should be denied because the State violated certain federal regulations applicable to the project. These regulations apply because the project is partially funded by the Federal-Aid Highway Program, 23 U.S.C.A. ch. 1.

Specifically, defendants claim that the State violated 23 C.F.R. § 712.204(e) or § 790.5 which require public hearings and 23 C.F.R. § 771.115(a) or (c) which require the preparation of an environmental impact statement or environmental assessment, respectively.

The State admits that no public hearings were held and no environmental studies made. It says, however, that public hearings are not required when right-of-way acquisition is a minor part of a highway project under a ruling of the Federal Highway Administration and that 23 C.F.R. § 771.155(b)(14) allows it to dispense with environmental studies for this project. In support of the proposition that it has been excused from these requirements, the State cites approval of the project for federal funding by the Federal Highway Administration.

Defendants counter by arguing that the federal process for determining these exemptions was not properly carried out and that the determination was contrary to the letter and spirit of the federal regulations. Defendants thus urge this Court, in effect, to review an administrative decision of the Federal Highway Administration. Further, they suggest that this Court enforce "due process" rights granted them by the Code of Federal Regulations.

The Court finds that it need not enter this thicket. The instant action is an exercise of the power of eminent domain by the State of Delaware under 17 *Del.C.* §§ 132(c)(4) [3] and 137(a).[4] These somewhat redundant statutes authorize the Department of Transportation to condemn, using the procedures established by 10 *Del.C.* ch. 61, such land as "shall be necessary" for highway purposes. Defenses to a taking

---

**2.** Rule 71.1. Condemnation of Property.

In a condemnation proceeding instituted by a public agency, such as an agency of the State, a county, a municipality or a school district, an order of possession of the property to be taken shall be entered forthwith, pursuant to 10 *Del.C.* § 6110(a), upon 10 days' written notice of intent to present such order, to be given to the property owner or his attorney of record, supported by an affidavit of necessity executed by the chief administrative officer of the condemning agency, unless the property owner by affidavits, depositions, and/or verified answer shall show good cause why such order of possession should not be entered forthwith. Any hearing on the issue of good cause shall be held without delay and on such affidavits, depositions, and/or verified answer. Disposition of the issue of good cause shall be made by the Court without delay.

This Rule shall be applicable solely to the condemnation proceedings brought by such public agencies.

In all such condemnation proceedings the burden shall be upon the property owner to overcome the presumption of regularity and the prima facie case of necessity for a public use presented by the institution of such proceeding.

Nothing herein contained shall affect the power of the Court, in its discretion, to enter an order of possession ex parte and without notice, as is provided by 10 *Del.C.* § 6110(a), upon proper cause being shown by the public agency.

**3.** 17 *Del.C.* § 132(c)(4) provides:

(c) To these ends the Department may:

(4) Acquire by condemnation or otherwise any land, easement, franchise, material or property, which, in the judgment of the Department, shall be necessary therefor, provided that the Department shall not reconstruct a highway unless there will result a net saving or reconstruction, further provided that § 145 of this title shall not be deemed to be inconsistent with the provisions hereof.

**4.** 17 *Del.C.* § 137(a) provides:

(a) The Department, in the name of the State, may acquire private or public property and property rights for highway facilities and service roads, including rights to access, air, view and light by gift, devise, purchase or in the exercise of the power of eminent domain, acquire the same by condemnation by proceeding in the manner prescribed in Chapter 61 of Title 10, be authorized by law to acquire such property or property rights in connection with highways and streets within its jurisdiction. Property rights so acquired shall be in fee simple absolute or such lesser interest as the Department may deem appropriate.

under the cited statutes are therefore limited to disputing the necessity for the taking or the regularity of the proceedings under 10 *Del.C.* ch. 61. *State v. 0.62033 Acres of Land in Christiana Hundred,* 49 Del. 90, 110 A.2d 1 (1954), aff'd. 49 Del. 174, 112 A.2d 857 (1955). In the instant case, defendants have done neither.[5]

■ Similarly, defendants have cited no statutory or common law authority which requires the State to demonstrate compliance with applicable federal regulations as a condition for exercise of the power of eminent domain. In the instant case, the cited federal regulations apply only because the State sought and received federal assistance. It should be obvious, therefore, that the penalty for non-compliance is denial or withdrawal of federal funding not forfeiture of the power of condemnation. The underlying federal statute itself makes it clear that it is not intended to infringe on State's rights.[6] Consequently, the violations of federal regulations alleged by defendants in the instant case do not provide a defense to the State's exercise of its power of eminent domain. *County Highway Commission of Rutherford County v. Smith,* 61 Tenn.App. 292, 454 S.W.2d 124, 129–130 (1969).

This is not to say that the defendants were helpless in the face of these alleged regulatory violations. Even after Federal Highway Administration approval, the project was open to challenge in the Federal Courts. *City of Rye, New York v. Schuler,* D.C.N.Y., 355 F.Supp. 17 (1973); *Hill v. Coleman,* D.C.Del., 399 F.Supp. 194 (1975). Defendants now complain that once an order of possession is entered they will be foreclosed from obtaining federal injunctive relief as the propriety of the taking will have been adjudicated in this Court. Defendants, however, had an adequate opportunity to pursue injunctive relief as they were notified of the proposed taking in September of 1985 and this action was not filed until January 28, 1986. In any event, this Court is confident that a federal court will be able to fashion an adequate remedy for defendants in the face of the Order of Possession if defendants act promptly and ultimately prevail on the merits of their claim.

The Order of Possession is granted.

---

5. In its response to plaintiff's Notice of Intention to Take Possession, defendant Delaware Tire Center, Inc. asserted that it had not been properly served with condemnation process and that the Court could therefore not properly award possession to plaintiff. The point was not pressed at hearing or in defendants' post-hearing memoranda. For jurisdictional purposes, the Court notes that notice rather than service of process is required by Rule 71.1. See *State v. 0.62033 Acres of Land in Christiana Hundred, supra* at p. 10.

6. 23 U.S.C.A. § 145 provides:
The authorization of the appropriation of Federal Funds or their availability for expenditure under this Chapter shall in no way infringe on the sovereign rights of the State to determine which projects shall be federally funded. The provisions of this chapter provide for a federally assisted *State* program. (Emphasis supplied.)