IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MELPAR, LLC, | § |
| | § No. 9, 2022 |
| Defendant Below, | § |
| Appellant, | § Court Below: Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § C.A. No. S21C-03-017 |
| THE STATE OF DELAWARE, | § |
| UPON THE RELATION OF THE | § |
| SECRETARY OF THE | § |
| DEPARTMENT OF | § |
| TRANSPORTATION, | § |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: January 19, 2022
Decided: January 27, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1) The appellant, Melpar, LLC, has petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from a Superior Court opinion and order and a Superior Court order of possession, both dated December 9, 2021. The December 9 decisions denied Melpar's motion to dismiss and granted the motion of the appellee, the Delaware Department of Transportation ("DelDOT"), for possession in a condemnation proceeding.

(2)     DelDOT initiated condemnation proceedings for a partial acquisition of property that Melpar owns at the intersection of John Williams Highway and Long Neck Road in Sussex County. A tenant currently operates a gas station and convenience store on the site. DelDOT seeks to acquire an eight-foot-wide strip of land along the property frontage, two temporary construction easements, and two light poles (the "Subject Property") for the purpose of completing highway-safety improvements. Among other changes, the project will prevent left turns in and out of one entrance to the site to alleviate a documented crash problem at that entrance. Right turns in and out of that entrance will remain after the project is completed, and the project will not affect the other entrance to the site.

(3)     Under 10 *Del. C.* § 6110(a), an entity with the power of eminent domain[1] may obtain an order from Superior Court for possession of property after filing a condemnation proceeding and notice of intention to take possession of the property and depositing with the court "the sum of money estimated by plaintiff to be just compensation for the property or the part thereof taken."[2] Delaware's Real Property Acquisition Act (the "RPAA")[3] establishes policies governing the

---

[1] *See* 10 *Del. C.* § 6101 ("This chapter shall govern the procedure for all condemnations of real and personal property within this State under the power of eminent domain exercised by any authority whatsoever, governmental or otherwise.").

[2] 10 *Del C.* § 6110(a). *See also id.* § 6110(c) ("In any case where possession has been so taken the obligation of the plaintiff to pay the amount ultimately determined as just compensation in the cause shall be absolute. Title shall vest in plaintiff on the date of payment of the final award.").

[3] 29 *Del. C.* § 9501 *et seq.*

acquisition of real property by state agencies.  Section 9505 of the RPAA "requires state agencies to comply with fifteen policies when acquiring real property."[4]  Those fifteen policies, or "guidelines," are "directory rather than mandatory."[5]  Thus, "failure to comply with them is not a jurisdictional defect requiring automatic dismissal whenever it is raised."[6]  Rather, "[o]nce a defendant in a condemnation proceeding establishes noncompliance with the RPAA, the condemning agency may attempt to demonstrate a valid excuse for its failure to follow the RPAA's policies. Valid excuses include the agency's good faith efforts to comply with the policies or a showing that compliance would have been futile."[7]

(4)  In June 2019, DelDOT obtained an appraisal of the Subject Property prepared by W.R. McCain & Associates that valued the Subject Property at $76,900 (the "McCain Appraisal").  The McCain Appraisal used the "strip" valuation method because it determined that the project would not cause any damages to the remainder parcel.[8]  Under the strip method, "the appraiser estimates the value of the entire property (less improvements) and calculates the value of the portion to be taken on

---

[4] *Lawson v. State*, 72 A.3d 84, 88 (Del. 2013).
[5] *Id.* at 89 (internal quotations omitted).
[6] *Id.* (internal quotations omitted).
[7] *Id.* (cleaned up).
[8] *State ex rel. Sec'y of Dep't of Transp. v. Melpar, LLC*, 2021 WL 5903311, at *2 (Del. Super. Ct. Dec. 9, 2021).

the basis of the ratio of the size of the portion to be taken compared to the size of the entire parcel."[9]

(5)     In September 2019, DelDOT sent to Melpar a written offer to acquire the Subject Property based on the McCain Appraisal.  The parties began negotiating in writing and by phone.  Melpar was dissatisfied with the McCain Appraisal, and in August 2020 Melpar obtained an appraisal that valued the Subject Property at $848,100 (the "Tidewater Appraisal").  The Tidewater Appraisal used the "before and after" valuation method.[10]  The before and after method "requires determining the value of the entire parcel before the taking and the value of the remaining parcel after the taking.  The difference between the two is the compensation to which the landowner is entitled."[11]   After DelDOT completed an internal review of the Tidewater Appraisal and rejected it, the parties continued to negotiate.  DelDOT eventually determined that negotiations were at an impasse, and in March 2021 it initiated condemnation proceedings, deposited $76,900 with the Superior Court, and noticed its intention to take possession of the Subject Property.

(6)     Melpar moved to dismiss the condemnation action and opposed the State's effort to take possession, arguing that DelDOT had failed to comply with various policies in Section 9505 of the RPAA by relying on an appraisal that used

---

[9] *State v. Teague*, 2009 WL 929935, at *6 (Del. Super. Ct. Apr. 3, 2009).
[10] *Melpar*, 2021 WL 5903311, at *2.
[11] *Teague*, 2009 WL 929935, at *6.

the strip valuation method rather than one that used the before and after method. More specifically, Melpar argued that DelDOT was required as a matter of law to use the before and after method in a partial taking situation.[12]

(7)    The Superior Court denied Melpar's motion to dismiss and held that DelDOT could take possession of the Subject Property.  The court determined that Melpar had not sustained its burden of showing that DelDOT's use of the strip-method McCain Appraisal was not a good-faith effort to comply with the RPAA's policies.[13]  It held that the parties had a good-faith dispute about whether the strip method or the before and after method of valuation should be used and that, in that context, the issue did not go to whether the taking complied with the RPAA's policies—and thus whether immediate possession was authorized—but rather was a question for resolution during the just compensation phase of the litigation.[14]  The court therefore entered an order authorizing DelDOT to take immediate possession of the Subject Property.

(8)    Melpar asked the Superior Court to certify an interlocutory appeal.  The Superior Court denied the application for certification.[15]  The court held that its

---

[12] *State ex rel. Sec'y of Dep't of Transp. v. Melpar, LLC*, C.A. No. S21C-03-017 FJJ, Defendant Melpar, LLC's Motion to Dismiss and Opposition to Motion for Possession, ¶¶ 8, 13-15, 20, 22 & Wherefore Clause (Del. Super. Ct. filed Apr. 14, 2021).
[13] *Melpar*, 2021 WL 5903311, at *5.
[14] *Id.*
[15] *State ex rel. Sec'y of Dep't of Transp. v. Melpar, LLC*, 2022 WL 103483 (Del. Super. Ct. Jan. 10, 2022).

5

opinion and order decided a substantial issue of material importance but that appellate review before a final judgment was not necessary.[16] The court further held that the application for certification did not satisfy any of the criteria of Rule 42(b)(iii).[17]

(9) Applications for interlocutory review are addressed to the sound discretion of this Court.[18] After careful consideration, and in the exercise of its discretion, this Court has concluded that the application for interlocutory review should be refused. Contrary to DelDOT's contention, a decision regarding possession in a condemnation proceeding typically will satisfy the requirement that the trial court's order decided a substantial issue of material importance. As this Court recognized in 1967, before the adoption of Rule 42, an interlocutory appeal from an order of possession will often be the property owner's best opportunity to object to the taking itself and to retain the property in its original condition.[19] This Court therefore has accepted interlocutory appeals in which the property owner

---

[16] *Id.* at *2. *See* DEL. SUPR. CT. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

[17] *Melpar*, 2022 WL 103483, at *2-3.

[18] DEL. SUPR. CT. R. 42(d)(v).

[19] *See 1.67 Acres of Land v. State*, 225 A.2d 763, 765 (Del. 1967) ("If the owner prevails [in appealing an order of possession], further proceedings are unnecessary; if the condemnor prevails and is given the right to possession prior to the award, it may at once make changes in the property which would render impossible its surrender in its original condition. . . . We suggest, for the benefit of litigants in future cases, that an appeal from such order ought to be filed promptly after its entry, in order that the right to take may be finally settled before the hearing on damages. Failure to do so may constitute an abandonment of the defense on subsequent appeal.").

challenged the authority of the taking agency to take a property for a particular purpose[20] or contended that the acquiring agency's appraisal was fundamentally flawed because it failed to recognize that the project would prevent the remainder from being used for its highest and best use, on which use the remainder value was based.[21]

(10) In this case, Melpar does not assert such a fundamental flaw in DelDOT's process, nor does it contend that DelDOT lacks authority to take the Subject Property for the purpose of improving road safety. Indeed, it does not appear that Melpar genuinely contests the taking itself at all. Instead, the dispute centers on the appropriate valuation methodology to apply in this situation, a matter that will best be resolved in the just compensation phase of the litigation. Considering the essence of this dispute and balancing Melpar's important property rights against DelDOT's important interest in promptly moving forward with road-safety improvements, the Court has concluded that exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[22] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[23]

---

[20] *Cannon v. State*, 807 A.2d 556 (Del. 2002).
[21] *Lawson v. State*, 72 A.3d 84 (Del. 2013).
[22] DEL. SUPR. CT. R. 42(b)(ii).
[23] *Id.* R. 42(b)(iii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice