# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE STATE OF DELAWARE, UPON THE RELATION OF THE SECRETARY OF THE DEPARTMENT OF TRANSPORTATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: S21C-03-017 FJJ |
| v. | ) ) | |
| MELPAR, LLC, 1,7761995 SQUARE FEET (0.0408 ACRES) OF LAND, 711.9788 SQUARE FEET (0.0163 ACRES) OF LAND, 3,598.7712 SQUARE FEET (0.0826 ACRES) PART OF TAX MAP AND PARCEL NUMBER 234-23.00-269.14 SITUATED IN INDIAN RIVER HUNDRED, and DASH-IN FOOD STORES, INC. | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: January 27, 2022
Decided: February 7, 2022

## ORDER ON DEFENDANTS' MOTION TO CERTIFY AN INTERLOCUTORY APPEAL - DENIED

*Brady Eaby, Esquire, Deputy Attorney General,* Department of Justice, Wilmington, Delaware. Attorney for the State of Delaware,

*Richard A. Forsten, Esquire,* Saul, Ewing, Arnstein & Lehr, LLP, Wilmington, Delaware. Attorney for Defendant Dash In Food Services, Inc.

*Richard L. Abbott, Esquire,* Abbott Law Firm, Hockessin, Delaware. Attorney for Defendant Melpar, LLC.

**Jones, J.**

The instant matter is a condemnation action. The State seeks to take a portion of the Defendant's property ("Melpar, LLC") which is located at the intersection of John Williams Highway and Long Neck Road in Sussex County, Delaware. At the present time, the use of the property is as a "Dash In" convenience store. The State seeks to limit the egress and ingress to and from the property from Long Neck Road. Under the taking, traffic leaving the Dash In could only turn right onto Long Neck Road northbound. Similarly, access to the property from Long Neck Road could only be done by traffic traveling northbound on Long Neck Road. The stated necessity for the project, that has not been seriously challenged in this litigation, is safety. On December 9, 2021, the Court entered an Order granting the State's Motion for Possession, Denying Melpar's Motion to Dismiss and a related Motion for an Evidentiary Hearing. A number of arguments were raised by Melpar, but the dispute boiled down to one central issue. The central issue is whether the State was required as a matter of law to utilize the Before and After method of appraisal in this partial taking or could the State rely upon a strip method form of appraisal under the facts as presented.

In a December 9, 2021 Opinion and Order, this Court determined that Delaware Law does not require the utilization of a Before and After appraisal methodology and the question of which appraisal methodology was appropriate under the instant set of facts would be determined as part of the compensation phase of the proceedings. Additionally, the December 9, 2021 order specifically addressed

Melpar's application for an evidentiary hearing which was denied and also addressed the legal standard under Superior Court Rule 71.1.

Melpar filed a Motion for Reargument of the Court's December 9, 2021 Opinion and Order and the Order of Possession entered the same day. Melpar's Motion for Reargument contained several arguments, among them were that the Superior Court had errored in not holding an evidentiary hearing and that the Superior Court had applied the wrong legal standard. The Motion for Reargument was denied on January 10, 2022. The Court's decision on the Motion for Reargument contained no detailed analysis other than that the requirements of Rule 59 had not been met.

On December 20, 2021, Melpar filed a first Application for Interlocutory Appeal with this Court. The State filed a response on January 4, 2022. On January 7, 2022, Melpar filed a Notice of Appeal of this Court's December 9, 2021 Opinion and Order and the Court's December 9, 2021 Order of Possession.

On January 10, 2022, this Court denied Melpar's request for an Interlocutory Appeal. On January 27, 2022, the Delaware Supreme Court entered an order denying Melpar's Application for an Interlocutory Appeal. In denying Melpar's request the Supreme Court wrote:

> (9) Applications for interlocutory review are addressed to the sound discretion of this Court.[1] After careful consideration, and in the exercise of its discretion, this Court has concluded that the application for interlocutory review should be refused. Contrary to DelDOT's

[1] DEL. SUPR. CT. R. 42(d)(v).

contention, a decision regarding possession in a condemnation proceeding typically will satisfy the requirement that the trial court's order decided a substantial issue of material importance. As this Court recognized in 1967, before the adoption of Rule 42, an interlocutory appeal from an order of possession will often be the property owner's best opportunity to object to the taking itself and to retain the property in its original condition.[2] This Court therefore has accepted interlocutory appeals in which the property owner challenged the authority of the taking agency to take a property for a particular purpose[3] or contended that the acquiring agency's appraisal was fundamentally flawed because it failed to recognize that the project would prevent the remainder from being used for its highest and best use, on which use the remainder value was based.[4]

(10) In this case, Melpar does not assert such a fundamental flaw in DelDOT's process, nor does it contend that DelDOT lacks authority to take the Subject Property for the purpose of improving road safety. Indeed, it does not appear that Melpar genuinely contests the taking itself at all. Instead, the dispute centers on the appropriate valuation methodology to apply in this situation, a matter that will be resolved in the just compensation phase of the litigation. Considering the essence of this dispute and balancing Melpar's important property rights against DelDOT's important interest in promptly moving forward with road-safety improvements, the Court has concluded that exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[5] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[6]

The Mandate from the Supreme Court was issued on January 27, 2022.

---

[2] *See 1.67 Acres of Land v. State*, 225 A.2d 763, 765 (Del. 1967) ("If the owner prevails [in appealing an order of possession], further proceedings are unnecessary; if the condemnor prevails and is given the right to possession prior to the award, it may at once make changes in the property which would render impossible its surrender in its original condition. . . . We suggest, for the benefit of litigants in future cases, that an appeal from such order ought to be filed promptly after its entry, in order that the right to take may be finally settled before the hearing on damages. Failure to do so may constitute an abandonment of the defense on subsequent appeal.").
[3] *Cannon v. State*, 807 A.2d 556 (Del. 2002).
[4] *Lawson v. State,* 72 A.3d 84 (Del. 2013).
[5] Del. Supr. Ct. R. 42(b)(ii).
[6] *Id.* R. 42(b)(iii).

On January 20, 2022, Melpar filed the instant, and second, Application for Interlocutory Appeal with this Court. The second application relates to this Court's January 10, 2022 Rule 59 Order denying Melpar's Motion for Reargument. The instant application addresses all the same issues that were raised in the original application for Interlocutory Appeal.

To the extent that Melpar's arguments in this second application for interlocutory appeal are the same as those made in the first application this Court summarily rejects these arguments. These arguments have already been rejected by both this Court and the Delaware Supreme Court as not constituting appropriate reasons under Rule 42 for this Court to certify the Interlocutory Appeal and for the Delaware Supreme Court to accept an Interlocutory Appeal. To the extent that this second request for an Interlocutory Appeal raises arguments not raised in the first application, this Court summarily rejects those arguments as they should have been included in the first application. The failure to include them until the second application given the above constitutes a waiver of those arguments.

Even if Melpar somehow gets two bites at the apple in this second request for a certification of an interlocutory appeal of the Court's decision on the Motion for Reargument, this Court DENIES Melpar's application. This Court adopts and incorporates by reference in this order its January 10, 2022 decision denying the request for an Interlocutory Appeal. No new arguments have been advanced by Melpar that were either not considered the first time around, or would lead this Court

to certify this second request this time around.[7] Any reasons advanced by Melpar have either already been considered or were subsumed within this Court's January 10, 2022 decision and in the Delaware Supreme Court's January 27, 2022 decision on which this Court relies in denying the instant motion. Melpar's application is DENIED.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

cc:     File&ServeXpress

---

[7] *See Hudson v. Hudson*, 540 A.2d 113 at *2 (Del. 1988).